UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JALAAL MOHAMMEDI, SAARAH MOHAMEDI,  :   08 CV 2747 (MGC)
OMAR MOHAMEDI AND RONA              :
MOHAMMEDI,                          :
                                    :   **ANSWER**
            Plaintiffs,             :
                                    :
    - against –                     :
                                    :
ROYAL AIR MAROC LTD.,               :
                                    :
            Defendant.
------------------------------------------------------------x

       Defendant, Royal Air Maroc Ltd. (hereinafter referred to as RAM), by its attorneys Condon & Forsyth LLP, for its Answer to the Complaint:

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 2, 3, 4, 8, 9, 10, 17, 18, 19, 20, 21, 22, 23, 24, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 45, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 59, 60, 61, 62, 63, 64, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 90, 91, 93, 94, 95, 96 and 97 of the Complaint.

       2.     Denies the allegations in paragraphs 5, 6, 7, 11, 12, 13, 14, 15, 16, 25, 26, 27, 42, 46, 57, 58, 65, 66, 84, 85, 86, 87, 88, 89 and 92 of the Complaint.

<u>AS TO THE FIRST ALLEGED CAUSE OF ACTION</u>

       3.     Answering paragraph 98 of the Complaint, defendant RAM repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 and 2 of this Answer to the Complaint with the same force and effect as if herein set forth in full.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint.

5. Denies the allegations in paragraphs 100, 101, 102, 103, 104, 105, 106 and 107 of the Complaint.

### AS TO THE SECOND ALLEGED CAUSE OF ACTION

6. Answering paragraph 108 of the Complaint, defendant RAM repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 5 inclusive of this Answer to the Complaint with the same force and effect as if herein set forth in full.

7. Denies the allegations in paragraphs 109, 110 and 111 of the Complaint.

### AS TO THE THIRD ALLEGED CAUSE OF ACTION

8. Answering paragraph 112 of the Complaint, defendant RAM repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 7 inclusive of this Answer to the Complaint with the same force and effect as if herein set forth in full.

9. Denies the allegations in paragraphs 113, 114, 115 and 116 of the Complaint.

### AS TO THE FOURTH ALLEGED CAUSE OF ACTION

10. Answering paragraph 117 of the Complaint, defendant RAM repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 9 inclusive of this Answer to the Complaint with the same force and effect as if herein set forth in full.

11. Denies the allegations in paragraphs 118, 119, 120, 121 and 122 of the Complaint.

## AS TO THE FIFTH ALLEGED CAUSE OF ACTION

12. Answering paragraph 123 of the Complaint, defendant RAM repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 11 inclusive of this Answer to the Complaint with the same force and effect as if herein set forth in full.

13. Denies the allegations in paragraphs 124, 125, 126, 127, 128, 129, 130 and 131 of the Complaint.

## AS TO THE SIXTH ALLEGED CAUSE OF ACTION

14. Answering paragraph 132 of the Complaint, defendant RAM repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 13 inclusive of this Answer to the Complaint with the same force and effect as if herein set forth in full.

15. Denies the allegations in paragraphs 133, 134, 135 and 136 of the Complaint except that defendant RAM admits that it bears liability for the delay in the transportation of checked baggage pursuant to Article 19 of a treaty of the United States known as the Montreal Convention for an amount up to the liability limits contained in Article 22 of a treaty of the United States known as the Montreal Convention.

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

16. The rights of the parties to this action are exclusively governed by the

provisions of a treaty of the United States commonly known as the Montreal Convention (Official title: Convention for the Unification of Certain Rules for International Carriage by Air, opened for signature on 28 May 1999, *reprinted in* S. Treaty Doc. 106-45, 1999 WL 333292734 (Treaty)), and RAM's liability is limited or excluded in accordance with the terms of the Montreal Convention.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

17. Plaintiffs lack capacity to sue.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

18. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

19. Plaintiffs' state law claims and causes of action are pre-empted by the provisions of the Montreal Convention.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

20. Plaintiffs lack standing to bring the within action.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

21. Plaintiffs did not sustain a bodily injury as the result of an accident within the meaning of Article 17 of the Montreal Convention and are not permitted to recover in this action.

### AS AND FOR A SEVENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

22. Defendant RAM's liability for delay of the passenger plaintiffs Jalaal Mohamedi and Saarah Mohamedi is limited in accordance with the provisions of Article 22(1) of the Montreal Convention.

### AS AND FOR AN EIGHTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

23. Defendant RAM's liability for delay of the baggage of passenger plaintiffs Jalaal Mohamedi and Saarah Mohamedi is limited in accordance with the provisions of Article 22(2) of the Montreal Convention.

### AS AND FOR A NINTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

24. Defendant RAM is a foreign state as defined in 28 U.S.C. § 1603(a) and, therefore, is entitled to all the rights, privileges, protections and defenses afforded by the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.*, including the right to a non-jury trial.

WHEREFORE, defendant Royal Air Maroc Ltd. demands judgment dismissing the Complaint or, in the alternative, limiting its liability pursuant to Article 22 of the Montreal Convention, together with the costs and disbursements of this action.

Dated:    New York, New York
May 7, 2008

        CONDON & FORSYTH LLP

By _____
Michael J. Holland (MH 8329)
A Partner of the Firm
7 Times Square
New York, New York 10036
Tel: (212) 490-9100
Fax: (212) 370-4482
Attorneys for Defendant
Royal Air Maroc, Ltd.

To:    Angela Migally, Esq.
Law Firm of Omar T. Mohammedi, LLC
233 Broadway
Suite 801
New York, New York 10016
Tel: (212) 725-3846
Fax: (212) 202-7621

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK  )

Mary Ann Rooney, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Queens, New York. That on the 7th day of May, 2008, deponent served the within Answer upon:

> Angela Migally, Esq.
> Law Firm of Omar T. Mohammedi, LLC
> 233 Broadway
> Suite 801
> New York, New York 10016

the address designated by said attorneys for that purpose by depositing same enclosed in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Mary Ann Rooney

Sworn to before me this
7th day of May, 2008

_____
Notary Public

MICHAEL J HOLLAND
Notary Public, State of New York
No. 41-4501283
Qualified in Nassau County
Commission Expires August 31, 2009