UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
:
JALAAL MOHAMMEDI and SAARAH                        :        08 CV 2747  (MGC)
MOHAMMEDI, infants, by guardian of their           :
property OMAR MOHAMMEDI AND RONA          :
MOHAMMEDI and OMAR MOHAMMEDI AND  :         **ANSWER TO AMENDED**
RONA MOHAMMEDI individually,                            :         **COMPLAINT**
:
Plaintiffs,                     :
:
-    against –                                 :
:
ROYAL AIR MAROC LTD.,                                       :
:
Defendant.                   :
-------------------------------------------------------------------x

Defendant, Royal Air Maroc Ltd. (hereinafter referred to as RAM), by its

attorneys Condon & Forsyth LLP, for its Answer to the Amended Complaint:

1.        Denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraphs 1, 2, 3, 4, 8, 9, 10, 17, 18, 19, 20, 21, 22, 23, 24, 28, 29, 30,

31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 45, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 59, 60,

61, 62, 63, 64, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 90, 91, 93, 94, 95,

96 and 97 of the Amended Complaint.

2.        Denies the allegations in paragraphs 5, 6, 7, 11, 12, 13, 14, 15, 16, 25,

26, 27, 42, 46, 57, 58, 65, 66, 84, 85, 86, 87, 88, 89 and 92 of the Amended Complaint.

AS TO THE FIRST ALLEGED CAUSE OF ACTION

3.        Answering paragraph 98 of the Amended Complaint, defendant RAM

repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1

and 2 of this Answer to the Amended Complaint with the same force and effect as if herein set forth in full.

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Amended Complaint.

5.     Denies the allegations in paragraphs 100, 101, 102, 103, 104, 105, 106 and 107 of the Amended Complaint.

<u>AS TO THE SECOND ALLEGED CAUSE OF ACTION</u>

6.     Answering paragraph 108 of the Amended Complaint, defendant RAM repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 5 inclusive of this Answer to the Amended Complaint with the same force and effect as if herein set forth in full.

7.     Denies the allegations in paragraphs 109, 110 and 111 of the Amended Complaint.

<u>AS TO THE THIRD ALLEGED CAUSE OF ACTION</u>

8.     Answering paragraph 112 of the Amended Complaint, defendant RAM repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 7 inclusive of this Answer to the Amended Complaint with the same force and effect as if herein set forth in full.

9.     Denies the allegations in paragraphs 113, 114, 115 and 116 of the Amended Complaint.

<u>AS TO THE FOURTH ALLEGED CAUSE OF ACTION</u>

10.     Answering paragraph 117 of the Amended Complaint, defendant RAM

repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 9 inclusive of this Answer to the Amended Complaint with the same force and effect as if herein set forth in full.

11.    Denies the allegations in paragraphs 118, 119, 120, 121 and 122 of the Amended Complaint.

AS TO THE FIFTH ALLEGED CAUSE OF ACTION

12.    Answering paragraph 123 of the Amended Complaint, defendant RAM repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 11 inclusive of this Answer to the Amended Complaint with the same force and effect as if herein set forth in full.

13.    Denies the allegations in paragraphs 124, 125, 126, 127, 128, 129, 130 and 131 of the Amended Complaint.

AS TO THE SIXTH ALLEGED CAUSE OF ACTION

14.    Answering paragraph 132 of the Amended Complaint, defendant RAM repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 13 inclusive of this Answer to the Amended Complaint with the same force and effect as if herein set forth in full.

15.    Denies the allegations in paragraphs 133, 134, 135 and 136 of the Amended Complaint except that defendant RAM admits that it bears liability for the delay in the transportation of checked baggage pursuant to Article 19 of a treaty of the United States known as the Montreal Convention for an amount up to the liability limits contained in Article 22 of the Montreal Convention.

## AS AND FOR A FIRST SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

16.    The rights of the parties to this action are exclusively governed by the provisions of a treaty of the United States commonly known as the Montreal Convention (Official title: Convention for the Unification of Certain Rules for International Carriage by Air, opened for signature on 28 May 1999, *reprinted in* S. Treaty Doc. 106-45, 1999 WL 333292734 (Treaty)), and RAM's liability is limited or excluded in accordance with the terms of the Montreal Convention.

## AS AND FOR A SECOND SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

17.    The Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A THIRD SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

18.    Plaintiffs' state law claims and causes of action are pre-empted by the provisions of the Montreal Convention.

## AS AND FOR A FOURTH SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

19.    Plaintiffs lack standing to bring the within action.

## AS AND FOR A FIFTH SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

20.    Plaintiffs did not sustain a bodily injury as the result of an accident within the meaning of Article 17 of the Montreal Convention and are not permitted to recover in this action.

### AS AND FOR A SIXTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

21.     Defendant RAM's liability for delay of the passenger plaintiffs Jalaal Mohamedi and Saarah Mohamedi is limited in accordance with the provisions of Article 22(1) of the Montreal Convention.

### AS AND FOR A SEVENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

22.     Defendant RAM's liability for delay of the baggage of passenger plaintiffs Jalaal Mohamedi and Saarah Mohamedi is limited in accordance with the provisions of Article 22(2) of the Montreal Convention.

### AS AND FOR AN EIGHTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

23.     Defendant RAM is a foreign state as defined in 28 U.S.C. § 1603(a) and, therefore, is entitled to all the rights, privileges, protections and defenses afforded by the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.*, including the right to a non-jury trial.

### AS AND FOR A NINTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

24.     Defendant RAM is not liable for the alleged damages occasioned by the delay since it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for them or it to take such measures.

- 5 -

## AS AND FOR A TENTH SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE

25.     Defendant RAM's liability is excluded or limited by the terms and

conditions of RAM's tariffs on file with the United States Department of Transportation and

by RAM's conditions of carriage and conditions of contract.

WHEREFORE, defendant Royal Air Maroc Ltd. demands judgment dismissing

the Amended Complaint or, in the alternative, limiting its liability pursuant to Article 22 of the

Montreal Convention, together with the costs and disbursements of this action.

Dated:      New York, New York
            September 2, 2008

CONDON & FORSYTH LLP

By _____
Michael J. Holland (MH 8329)
A Partner of the Firm
7 Times Square
New York, New York 10036
Tel:  (212) 490-9100
Fax:  (212) 370-4482
Attorneys for Defendant
Royal Air Maroc, Ltd.

To:     Angela Migally, Esq.
        Law Firm of Omar T. Mohammedi, LLC
        233 Broadway
        Suite 801
        New York, New York  10016
        Tel:  (212) 725-3846
        Fax:  (212) 202-7621

<u>AFFIDAVIT OF SERVICE BY MAIL</u>

STATE OF NEW YORK    )
                         : ss.:
COUNTY OF NEW YORK  )

        Mary Ann Rooney, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Queens, New York.  That on the 2nd day of September, 2008, deponent served the within Answer to Amended Complaint upon:

> Angela Migally, Esq.
> Law Firm of Omar T. Mohammedi, LLC
> 233 Broadway
> Suite 801
> New York, New York  10016

the address designated by said attorneys for that purpose by depositing same enclosed in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Mary Ann Rooney

Sworn to before me this
2nd day of September, 2008

Notary Public

MICHAEL J HOLLAND
Notary Public, State of New York
No. 41-4501283
Qualified in Nassau County
Commission Expires August 31, 2009